E-FILED
Monday, 10 August, 2015 10:10:02 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

MICHAEL WHATLEY, )
)
Plaintiff, )
)
v. ) 15-CV-3098
)
TARRY WILLIAMS, et al., )
)
Defendants. )

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, proceeding pro se and incarcerated in Pontiac Correctional Center, seeks leave to proceed in forma pauperis. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

The alleged events occurred in the Western Illinois Correctional Center in the Fall of 2013. In November of 2013, Plaintiff was interviewed by internal affairs staff regarding a letter that Plaintiff had written to administrators expressing concern about his safety at the Western Illinois Correctional Center. The investigators told Plaintiff that they had not been able to substantiate any of Plaintiff's allegations and that Plaintiff was not in danger. Liberally construed, the investigators then directed Plaintiff to sign an interview sheet in which Plaintiff essentially admitted that he was not in danger. Plaintiff refused to sign the paper, even after being threatened with segregation. At least in part for refusing to sign the paper, Plaintiff was placed in segregation and was punished for intimidation and disobeying a direct order. The punishment included 90 days of disciplinary segregation, a disciplinary transfer, and the revocation of 15 days of good conduct credit.

## ANALYSIS

Plaintiff seeks, in part, the expungement of the disciplinary ticket and the return of his good time credit. That relief can only be

pursued in federal court as a habeas corpus action, after Plaintiff has exhausted all his state court remedies available to challenge the discipline. This is because restoration of Plaintiff's good time would shorten Plaintiff's incarceration, and a challenge to the length of incarceration belongs in a habeas action. Edwards v. Balisok, 520 U.S. 641, 648 (1997)(claims which "necessarily imply the invalidity of the deprivation of . . . [an inmate's] good-time credits" are not cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court order, or a writ of habeas corpus). Thus, claims which imply that Plaintiff's good time should be restored cannot be pursued in a § 1983 action until the good time is restored through other means.

However, Plaintiff might be able to proceed on a First Amendment claim that he was punished for exercising a protected constitutional right. Plaintiff's refusal to sign the paper was arguably an expression of dissent protected by the First Amendment. The First Amendment claim may ultimately be barred if the claim is, in effect, a challenge to Plaintiff's loss of good time, but that determination must await a more developed record.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a potential First Amendment claim that he was punished for refusing to sign a document. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status

of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

12) **Plaintiff's motion for counsel is denied (4).** Plaintiff already has personal knowledge of the relevant events and possesses many of the relevant documents. He should be able to obtain a copy of the document he was directed to sign in discovery. He should also be able to obtain additional relevant information

through discovery requests to the defendants. Plaintiff's pleadings in the record effectively communicate the facts underlying his claims and demonstrate some knowledge of the law and legal procedure. If Plaintiff renews his motion for counsel, Plaintiff should state his educational level, job history in and out of prison, litigation experience, and any classes he has taken in prison.

13) **Plaintiff's motion for status is denied as moot (7).**

ENTERED: August 10, 2015

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE